**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. CIV-23-424-SLP |
| | ) | |
| 878 COUNTY ROAD 1490, RUSH | ) | |
| SPRINGS, OKLAHOMA 73082, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**O R D E R**

Before the Court is the United States' Motion for Summary Judgment and/or Partial

Summary Judgment with Brief in Support [Doc. No. 113]. Plaintiff seeks judgment as a

matter of law in its favor as to Claimant Wai Yip Choi's alleged interest in real property

located at 2255 County Road 1410, Alex Oklahoma, 73002, Defendant No. 6. Claimant

Wai Yip Choi has filed a Response [Doc. No. 131] and Plaintiff has filed a Reply [Doc.

No. 133]. The matter is at issue and ready for decision. For the reasons that follow,

Plaintiff's Motion is GRANTED.

**I.      Introduction**

This civil forfeiture action arises from an investigation led by the Federal Bureau of

Investigation (FBI) and the Oklahoma Bureau of Narcotics (OBN) into a marijuana

trafficking organization operating throughout Oklahoma. Claimant Wai Yip Choi (Choi)

filed a verified claim, asserting an interest in certain real property identified in the forfeiture

action as 2255 County Road 1410, Alex, Oklahoma 73002, Defendant No. 6 (the Real

Property).  The Real Property at issue is alleged to have been used for various marijuana growing operations.  The marijuana was transported to locations outside Oklahoma for further distribution in violation of both state and federal law.  When law enforcement executed a search warrant at the Real Property, they found a substantial marijuana grow operation.

## II.    Governing Standard

Summary judgment is proper "if 'there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.'" *Walkingstick Dixon v. Oklahoma ex rel. Reg'l Univ. Sys. of Okla. Bd. of Regents*, 125 F.4th 1321, 1333 (10th Cir. 2025) (quoting Fed. R. Civ. P. 56(a)). "The dispute about a material fact is genuine if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.* (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986) (brackets and ellipsis omitted)). In reviewing the summary judgment record, the district court "view[s] facts in the light most favorable to the non-movants, resolving all factual disputes and reasonable inferences in their favor." *Id.* (quotation marks, brackets, and ellipsis omitted).

## III.   Undisputed Material Facts

In December 2022, the FBI began investigating a marijuana trafficking organization in Oklahoma.  Based on law enforcement's observations of an individual, Brandon Ye (Ye), law enforcement believed that Ye was transporting marijuana plants in black trash bags from various locations in Oklahoma to a residence in Oklahoma City.  One of those locations was the subject Real Property.  In May 2023, law enforcement executed a search warrant at the Real Property and seized a large amount of marijuana.  Law enforcement

2

discovered marijuana growing in multiple grow houses, with plants at various stages of growth. Based on their training and experience, law enforcement believed there to be hundreds of marijuana plants at the Real Property. Samples seized from the Real Property, upon forensic examination, tested positive for the presence of marijuana, a federal Schedule I controlled substance.

On May 15, 2023, Plaintiff filed this forfeiture action. *See* Doc. No. 1. Two days later, on May 17, 2023, Plaintiff filed a Notice of Lis Pendens with the Grady County Clerk advising that the Real Property was subject to this civil forfeiture action. *See* Doc. No. 113-5.

Claimant Choi contends that he obtained his interest in the Real Property in February 2024. A review of the Quit Claim Deed shows that the interest in the Real Property was conveyed to an entity named WeBird, LLC. *See* Doc. No. 113-4. Claimant Choi signed an Exhibit to the Deed entitled Affidavit of Land or Mineral Ownership: Individual. *See id*. at 2.

## IV.   <u>Analysis</u>

Plaintiff seeks forfeiture of the Real Property pursuant to 21 U.S.C. § 881(a)(7), for violations of 21 U.S.C. §§ 841(a)(1) and 846. To prevail, Plaintiff must prove by a preponderance of the evidence that the property is subject to forfeiture. 18 U.S.C. § 983(c)(1); *see United States v. 2121 Celeste Rd. SW*, 189 F. Supp. 3d 1208, 1269 (D.N.M. 2016).

Real property is subject to forfeiture if it is "used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, a violation" of the federal

drug laws punishable "by more than one year's imprisonment." 21 U.S.C. § 881(a)(7). Manufacturing, distributing, dispensing, or possessing with the intent to manufacture or distribute 100 or more marijuana plants, regardless of their weights, is prohibited and is punishable by a maximum penalty of forty years' incarceration and a fine of $5,000,000. 21 U.S.C. §§ 841(a)(1), (b)(1)(B)(vii).

The undisputed facts demonstrate that the Real Property was used to commit or facilitate the commission of a violation of 21 U.S.C. §§ 841(a)(1) and 846, and that this is a felony offense punishable by more than one year of imprisonment.   Accordingly, the Real Property is forfeitable.  *See, e.g., United States v. 6941 Morrison Dr. Denver, Colo*., 6 F.Supp.3d 1176, 1180 (D. Colo. 2013) (property was subject to forfeiture under 21 U.S.C. § 881(a)(7) where it was used to grow marijuana).

To establish that real property was "used to commit or facilitate" an illegal drug offense, Plaintiff must also show that there was a substantial connection between the property and the offense. 18 U.S.C. § 983(c)(3).  The connection between the property and the criminal activity must be more than fortuitous.  *United States v. One Parcel of Real Estate Commonly Known as 916 Douglas Avenue*, 903 F.2d 490, 494 (7th Cir. 1990).  The burden then shifts to the claimant to prove by a preponderance of the evidence that the factual predicates for forfeiture have not been met or by showing that the claimant is an innocent owner.  *United States v. One Parcel Prop. Located at Lot 85, Country Ridge, a Subdivision in City of Lenexa, Johnson Cnty., Kan*., 894 F. Supp. 397, 403 (D. Kan. 1995); *see also* 18 U.S.C. § 983.

Here, Claimant Choi does not dispute the fact that the Real Property was being used for a commercial grow operation and that law enforcement found on the Real Property hundreds of marijuana plants in various stages of growth. Such evidence demonstrates a substantial connection between the real property and the offense. *Cf. United States v. 6941 Morrison Drive, Denver, Colo.*, 6 F.Supp.3d 1176, 1179-80 (D. Colo. 2013) (finding house subject to forfeiture where claimant did not dispute that "he was cultivating over fifty marijuana plants in the basement of defendant property with the intent to distribute"); *United States v. 22. Real Property Located at 23965 East Wagontrail Ave., Aurora, Colo.*, No. 19-CV-257-WJM-STV, 2023 WL 8851060 at *3 (D. Colo. Sept. 28, 2023) (substantial connection existed between subject property and offense where claimants did not dispute that over one hundred marijuana plants were being cultivated in the basement of the property with intent to distribute).

Claimant Choi thus has the burden to show, by a preponderance of the evidence, that the Real Property is not forfeitable. *See United States v. 5910 Ogden Court*, 913 F. Supp.2d 1037, 1042 (D. Colo. 2012). As Plaintiff argues, Claimant Choi filed a Verified Claim in his name, individually, asserting that "Wai Yip Choi is the owner of the above-listed property." *See* Doc. No. 38. The Verified Claim includes no reference whatsoever to WeBird, LLC. Claimant Choi has produced no evidence that he held an ownership interest in the Real Property, individually.

Claimant Choi argues that he can pursue the claim, nonetheless, because he is the sole member of WeBird LLC, the Oklahoma limited liability company designated as the property owner on the Quit Claim deed. But Claimant Choi offers no authority to support

such a legal position.  Nor does Claimant Choi produce any evidence to show that he is a member of WeBird LLC – sole or otherwise.  Although he submits an Affidavit, *see* Doc. No. 131-1, the Affidavit is silent with respect to his alleged ownership interest in WeBird LLC.

The Court is troubled by representations made by Claimant Choi in his Response. For example, he states: "*Throughout this case*, the *pleadings* have been filed as 'Wai Yip Choi/WeBird, LLC' and identified as 'Claimant Choi.'"  Resp. at 3 (emphasis added).  But no "pleading" has been filed by Claimant Choi.  And no other filing by Claimant Choi includes any reference to WeBird LLC.

Claimant Choi states that in the "Affidavit attached to his Verified Answer, Wai Yip Choi indicated that he was the owner of WeBird, LLC."  Resp. at 3.  But, as stated, Claimant Choi did not file any pleading, to include any "Verified Answer", in this case. He did file a Verified Claim, *see* Doc. No. 38, but as noted above, it does not make any mention of WeBird, LLC or that Claimant Choi is the "owner" of that LLC.   And the only other Affidavit submitted by Claimant Choi is attached to his Response. *See* Doc. No. 131-1. But again, that Affidavit is utterly silent as to WeBird LLC or Claimant Choi's affiliation with any such LLC.[1]

The record, therefore, fails to establish that Claimant Choi has any ownership interest in the Real Property.  Even if he did, the Court finds Claimant Choi has failed to

---

[1] Claimant Choi is reminded of the obligations accompanying his filings.  *See* Fed. R. Civ. P. 11(b). Any future misrepresentations or unsupported evidentiary assertions may subject Claimant Choi and/or his counsel to sanctions.

show that he is an innocent owner.  As Plaintiff argues, the Notice of Lis Pendens was filed almost a year before WeBird LLC obtained its interest in the Real Property by quit claim deed.    Under Oklahoma law, "the filing of a lis pendens performs a valuable public function in providing constructive notice to potential third-party buyers of pending litigation."  *Oak Tree Partners, LLC v. Williams*, 458 P.3d 626, 644 (Okla. Civ. App. 2018).[2]  The Notice precludes any innocent owner defense.  *See, e.g., United States v. 5112 Lipizzan Place, Rancho Cucamonga, CA 91737*, No. 06-0400 LH/ACT, 2007 WL 9729191 at \*3 (D.N.M. Sept. 6, 2007) (finding that claimant could not establish innocent owner defense "because he acquired his alleged interest in the Property after the United States recorded the lis pendens, and thus, he had constructive knowledge of the United States' interest in the Property").

Upon review, Claimant Choi has not shown any valid interest in the Real Property. Nor is there any basis upon which to find that Claimant Choi is an innocent owner.  As such, Plaintiff is entitled to judgment as a matter of law in its favor as to the claimed interest of Claimant Wai Yip Choi in the Real Property.

IT IS THEREFORE ORDERED that the United States' Motion for Summary Judgment and/or Partial Summary Judgment with Brief in Support [Doc. No. 113] is GRANTED.

---

[2] In federal forfeiture proceedings, state law governs the determination of ownership interests.  *See United States v. Andrews*, 530 F.3d 1232, 1238 (10th Cir. 2008).

IT IS SO ORDERED this 13th day of April, 2026.

SCOTT L. PALK
UNITED STATES DISTRICT JUDGE