## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. CIV-23-424-SLP |
| | ) | |
| 878 COUNTY ROAD 1490, RUSH | ) | |
| SPRINGS, OKLAHOMA 73082, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## **O R D E R**

Before the Court is the United States' Motion for Summary Judgment and/or Partial Summary Judgment with Brief in Support [Doc. No. 127] with respect to Defendant Real Property located at 878 County Road 1490 Rush Springs, Oklahoma 73082, Defendant No. 1. Claims have been filed by Shan Lin as an "actual owner (innocent spouse)" and by Jing Jiang as an "actual owner." *See* Doc. Nos. 21 and 76, respectively. Claimant Jing Jang, represented by counsel, has filed a Response [Doc. No. 128] to Plaintiff's Motion and states that the Motion is unopposed. Claimant Shan Lin, also represented by counsel, has filed a Response [Doc. No. 130] and similarly states that the Motion is unopposed. Although the Motion is unopposed, the Court must analyze whether Plaintiff, as the moving party "has met its initial burden of production under Rule 56 and demonstrated that no genuine issue of material fact exists and that it is entitled to judgment as a matter of law." *Issa v. Comp USA*, 354 F.3d 1174, 1177 (10th Cir. 2003) (citing *Reed v. Bennett*, 312 F.3d 1190, 1194-95 (10th Cir. 2002)). For the reasons that follow, Plaintiff's Motion is GRANTED.

## I.    <u>Introduction</u>

This civil forfeiture action arises from an investigation led by the Federal Bureau of Investigation (FBI) and the Oklahoma Bureau of Narcotics (OBN) into a marijuana trafficking organization operating throughout Oklahoma.  Claimant Shan Lin and Claimant Jing Jiang filed verified claims, asserting an interest in certain real property identified in the forfeiture action as 878 County Road 1490 Rush Springs, Oklahoma 73082, Defendant No. 1 (the Real Property).  The Real Property at issue is alleged to have been used for various marijuana growing operations.  The marijuana was transported to locations outside Oklahoma for further distribution in violation of both state and federal law.

## II.    <u>Governing Standard</u>

Summary judgment is proper "if 'there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.'" *Walkingstick Dixon v. Oklahoma ex rel. Reg'l Univ. Sys. of Okla. Bd. of Regents*, 125 F.4th 1321, 1333 (10th Cir. 2025) (quoting Fed. R. Civ. P. 56(a)). "The dispute about a material fact is genuine if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id*. (quoting *Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 248 (1986) (brackets and ellipsis omitted)). In reviewing the summary judgment record, the district court "view[s] facts in the light most favorable to the non-movants, resolving all factual disputes and reasonable inferences in their favor." *Id*. (quotation marks, brackets, and ellipsis omitted).

III.    **Undisputed Material Facts**[1]

In January 2023, as part of the FBI's investigation of a marijuana trafficking organization, law enforcement discovered hundreds of marijuana plants at various stages of growth at 878 County Road 1490, Rush Springs, Oklahoma 73082 (the Real Property). Based on law enforcement's observations of an individual, Brandon Ye (Ye), and following an inspection of the Real Property by state inspectors in February 2023, it appeared that Ye was transporting marijuana plants in black trash bags from the Real Property to a residence in Oklahoma City. In May 2023, law enforcement executed a search warrant of the Real Property but at the time of the execution of the search, there was no ongoing marijuana operation. It is the belief of law enforcement that the operations were shut down by the trafficking organization following the inspection of the Real Property by state inspectors.

On May 15, 2023, Plaintiff filed this forfeiture action. *See* Doc. No. 1. Two days later, On May 17, 2023, Plaintiff filed a Notice of Lis Pendens with the Grady County Clerk advising that the Real Property was subject to this civil forfeiture action. *See* Doc. No. 127-5.

In April 2024, Claimant Shan Lin asserted a claim as an "actual owner (innocent spouse)" of the Real Property. *See* Doc. No. 21. In May 2025, Claimant Jing Jiang filed

---

[1] Because Claimants do not contest Plaintiff's Motion, the Court takes Plaintiff's statement of facts – as supported by record evidence – as undisputed and admitted. *See* Fed. R. Civ. P. 56(e)(2)&(3); *see also* LCvR 56.1(e) ("All material facts set forth in the statement of material facts of the movant may be deemed admitted for the purpose of summary judgment unless specifically controverted by the nonmovant using the procedures set forth in this rule.").

a claim as the "actual owner" and asserted that she acquired the Real Property "from Shan Lin in or about May 2024." *See* Doc. No. 76.

## IV.    Analysis

Plaintiff seeks forfeiture of the Subject Property pursuant to 21 U.S.C. § 881(a)(7), for violations of 21 U.S.C. §§ 841(a)(1) and 846. To prevail, Plaintiff must prove by a preponderance of the evidence that the property is subject to forfeiture. 18 U.S.C. § 983(c)(1); *see United States v. 2121 Celeste Rd. SW*, 189 F. Supp. 3d 1208, 1269 (D.N.M. 2016).

Real property is subject to forfeiture if it is "used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, a violation" of the federal drug laws punishable by more than one year imprisonment. 21 U.S.C. § 881(a)(7). Manufacturing, distributing, dispensing, or possessing with the intent to manufacture or distribute 100 or more marijuana plants, regardless of their weights, is prohibited and is punishable by a maximum penalty of forty years' incarceration and a fine of $5,000,000. 21 U.S.C. §§ 841(a)(1), (b)(1)(B)(vii).

While Section 881(a)(7) refers to property used in violation of federal law, conduct that could support federal charges is sufficient to make real property forfeitable under Section 881(a)(7) even if no federal charges were ever filed. *See United States v. Wagoner Cnty. Real Est.*, 278 F.3d 1091, 1100-01 (10th Cir. 2002) (forfeiture action under 21 U.S.C. § 881(a)(7) where claimants were not charged with federal offense); *United States v. One Parcel of Real Est. Located at 7715 Betsy Bruce Lane Summerfield, N.C.*, 906 F.2d 110, 111-12 (4th Cir. 1990) ("In civil forfeiture cases, property is subject to forfeiture even if

4

its owner is acquitted of – or never called to defend against – criminal charges." (quotation omitted)).

To establish that real property was "used to commit or facilitate" an illegal drug offense, Plaintiff must show that there was a substantial connection between the property and the offense. 18 U.S.C. § 983(c)(3). The connection between the property and the criminal activity must be more than fortuitous. *United States v. One Parcel of Real Estate Commonly Known as 916 Douglas Avenue*, 903 F.2d 490, 494 (7th Cir.1990). The burden then shifts to the claimant to prove by a preponderance of the evidence that the factual predicates for forfeiture have not been met or by showing that the claimant is an innocent owner. *United States v. One Parcel Prop. Located at Lot 85, Country Ridge, a Subdivision in City of Lenexa, Johnson Cnty., Kan.*, 894 F. Supp. 397, 403 (D. Kan. 1995); *see also* 18 U.S.C. § 983.

Here, Claimants do not dispute that when law enforcement inspected the subject property in February 2023, they witnessed a commercial grow operation with hundreds of plants in various stages of growth. Claimants further do not dispute that such evidence demonstrates a substantial connection between the real property and the offense. *Cf. United States v. 6941 Morrison Drive, Denver, Colo.*, 6 F.Supp.3d 1176, 1179-80 (D. Colo. 2013) (finding house subject to forfeiture where claimant did not dispute that "he was cultivating over fifty marijuana plants in the basement of defendant property with the intent to distribute"); *United States v. 22. Real Property Located at 23965 East Wagontrail Ave., Aurora, Colo.*, No. 19-CV-257-WJM-STV, 2023 WL 8851060 at *3 (D. Colo. Sept. 28, 2023) (substantial connection existed between subject property and offense where

claimants did not dispute that over one hundred marijuana plants were being cultivated in the basement of the property with intent to distribute).

As set forth, Claimants do not contest Plaintiff's Motion. Necessarily, therefore, they have not sufficiently made any showing to support any affirmative defense based on innocent-owner allegations. Indeed, Claimant Jing Jiang affirmatively acknowledges that the filing of the lis pendens provided notice and precludes any such defense. *See* Doc. No. 128 at 1-2. Moreover, counsel for Claimant Shan Lin concedes that "any claim by **SHAN LIN** was dissolved upon the transfer of ownership and **JIN JIANG's** verified answer and claim[.]" *See* Doc. No. 130 at 3, ¶¶ 8-10 (emphasis in original).

Accordingly, the Court finds that Plaintiff is entitled to judgment as a matter of law in its favor as to the claimed interests of Claimants Shan Lin and/or Jin Jiang in the Real Property.

IT IS THEREFORE ORDERED that the United States' Motion for Summary Judgment and/or Partial Summary Judgment with Brief in Support [Doc. No. 127] is GRANTED.

IT IS SO ORDERED this 13th day of April, 2026.

SCOTT L. PALK
UNITED STATES DISTRICT JUDGE